Richard J. Shermah, J.
This is an application for a writ of error coram nobis. In effect, the defendant seeks an order vacating the ‘ ‘ judgment of conviction ’ ’ entered against bim on June 16, 1958.
The defendant was indicted by the Saratoga County Grand Jury at the May 1958 Term under seven separate indictments. The various indictments charged burglary in the third degree; grand laceny in the first degree; grand larceny in the second degree, etc.
Defendant-petitioner was arrested on a warrant on March 15, 1958. He was brought before Honorable Harry Barber, Justice of the Peace of the town of Malta, charged with the crime of burglary third degree. According to the record, the defendant then waived a preliminary examination and was held for the Saratoga County Grand Jury.
Several applications have been made by this defendant for a writ of error coram nobis and at the present time there is a motion made by him for a resentence, which motion was denied, and is now on appeal to the Appellate Division.
The defendant-petitioner, among other things, states that he was denied counsel at the time of his arrest. He also states that he was so intoxicated that he was unable to read or *167 understand statements, yet, lie remembers that he was denied counsel.
There is no question in my mind but what most of these points have been passed upon and that the defendant has enjoyed full protection of the law at all times.
The affidavit of the Honorable Cablbtoh J. Kn<re, then District Attorney in and for the County, states that the defendant signed a written statement admitting these burglaries and that the defendant was not intoxicated at the time.
The record also discloses that the Court of Special Sessions informed the defendant-petitioner of all his legal rights including an opportunity to obtain counsel and also for an adjournment. The statements of the defendant-petitioner are wild and inaccurate. I would be the first to authorize a hearing in this matter if it were not for the statements made by the defendant without any foundation. There is to be some degree of accuracy if the courts are to grant hearings in these matters. This court has read numerous citations on the question of granting hearings in applications for writs of error coram nobis. Just because the defendant-petitioner makes a statement it is not necessarily so providing that the record indicates otherwise. The motion is denied.